[Civ. No. 3918. Second Appellate District, Division One.—January 18, 1923.]

ALLEN'S COLLECTION AGENCY (a Corporation), Appellant, v. P. P. MEANS, Respondent.

[1] BROKER'S COMMISSIONS — CONFLICTING EVIDENCE — FINDING — APPEAL.—In this action to recover a commission alleged to have been earned by plaintiff's assignor in securing a purchaser for defendant's cleaning and dyeing business, there having been no written contract of employment, and defendant having testified that he did not ask plaintiff's assignor to sell the plant, that he never asked the latter to see if he could find a buyer, and that he never agreed to pay him for any such service, plaintiff's contention on appeal that the evidence was insufficient to sustain the finding of the trial court that the alleged contract between defendant and plaintiff's assignor was not made, and that the latter did not, pursuant to any agreement, procure a purchaser for said business, forced the appellate court to the conclusion that the appeal was made for delay; and the judgment was affirmed, with damages.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. F. Allen and Dorris & Henderson for Appellant.

Emmons, Aldrich & Heck for Respondent.

CONREY, P. J.—Plaintiff brings this action as assignee of one B. F. Cooper to recover commissions alleged to have been earned under a contract whereby the defendant agreed to pay Cooper a commission for the sale of defendant's cleaning and dyeing business to any customer or purchaser procured by Cooper. It is alleged that pursuant to

that agreement Cooper did procure a purchaser, one Charles T. May, to whom the defendant sold said business.

[1] It is conceded that there was no written contract. The plaintiff and another witness testified to conversations between Cooper and defendant, which conversations we will assume (without deciding) would have been sufficient to constitute a contract. But the defendant in his testimony stated that he never asked Cooper to sell his plant for him, never asked Cooper to see if he could find a buyer for him, and never agreed to pay Cooper a commission for any such service. It is true that after said alleged conversations Mr. May learned from Cooper that said property of the defendant probably was for sale and, after learning that fact, May went to defendant and bought the business. Cooper was not engaged in any brokerage or agency business. His connection with this sale was only of a casual nature. In substance, the only ground of appeal is that the evidence is insufficient to sustain the finding of the court that the alleged contract between defendant and Cooper was not made, and that Cooper did not, pursuant to any agreement, procure a purchaser for said business. The sole argument in support of this point arises from appellant's claim that the testimony is "overwhelmingly in favor of the plaintiff's contention." The rule against this contention, in cases where there is a substantial conflict in the evidence, is so thoroughly established by innumerable decisions that we are forced to the conclusion that the appeal in this case was made for delay.

For that reason the judgment is affirmed, with damages hereby allowed to the respondent on account of said appeal, in the sum of fifty dollars in addition to the costs.

James, J., and Houser, J., concurred.